# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

BRENT LAVON DAVIS,
ADC #149851                                                                                        PLAINTIFF

V.                                    1:14CV00046 DPM/JTR

RHONDA STANDFORD,
Nurse, Grimes Unit, ADC, et al.                                                      DEFENDANTS

## ORDER

Separate Defendant Marcus Wilkerson has filed a Motion for Summary Judgment on the issue of exhaustion, a Brief in Support, and a Statement of Undisputed Facts. *Docs. 29, 30, & 31*. Plaintiff must respond to that Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must *also separately* file a Statement of Disputed Facts, which lists: (a) any disagreement he has with the

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

specifically numbered factual assertions in Defendant Wilkerson's Statement of Undisputed Facts (*Doc. 30)*; and (b) any other disputed facts that he believes must be resolved at a hearing or trial.[2]

Finally, Plaintiff is advised that if he intends to rely on documents that have been previously filed in the record, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff must file, **within thirty days of the entry of this Order**, a Response to Defendant Wilkerson's Motion for Summary Judgment and a separate Statement of Disputed Facts that comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

2. Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts in Defendants' summary judgment papers

---

[2] If Plaintiff disputes any of the facts in Defendant Wilkerson's Statement of Undisputed Facts, he *must identify* each numbered paragraph that contains the facts he disputes *and,* for each paragraph, explain *why* he disputes those facts.

being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff must file, **within thirty days of the entry of this Order**, a Response to Defendant Wilkerson's Motion for Summary Judgment (*Doc. 29*).

2. Plaintiff is reminded that, if he fails to timely do so, his claims against Defendant Wilkerson will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 16th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE