## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

BRENT LAVON DAVIS,
ADC #149851                                                    PLAINTIFF

V.                          1:14CV00046 DPM/JTR

RHONDA STANFORD,
Nurse, Grimes Unit, ADC, et al.                               DEFENDANTS

## RECOMMENDED PARTIAL DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr.  Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I.  Introduction

Plaintiff, Brent Lavon Davis, is a prisoner in the Grimes Unit of the Arkansas Department of Correction ("ADC").  In this *pro se* § 1983 action, he alleges, among other things, that in September of 2013, separate Defendant Sergeant Marcus Wilkerson denied him constitutionally adequate medical care by refusing to tell medical personnel that Plaintiff was having chest pains.  *Doc. 2.*

Defendant Wilkerson has filed a Motion for Partial Summary Judgment arguing that Plaintiff only properly exhausted his administrative remedies in regard to his request for medical care on September 24, 2013, and no other dates.  *Docs. 29, 30, & 31.*  Plaintiff has filed a Response in opposition to that Motion. *Docs. 36 & 37.*

For the following reasons, the Court recommends that: (1) Defendant Wilkerson's Motion be granted; (2) Plaintiff be allowed to proceed with his claim that Defendant Wilkerson denied him adequate medical care on September 24, 2013; and (3) all other  claims against Defendant Wilkerson be dismissed, without prejudice.

## II.  Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully and properly exhaust administrative remedies within the ADC, a prisoner must file: (1) an informal resolution with the designated problem solver; (2) a grievance with the Warden if attempts at informal resolution are unsuccessful; and

(3) an appeal the denial of a grievance to the ADC Deputy/Assistant Director.  *Doc. 29, Ex. F* (ADC Adm. Dir. 12-16 § IV(E) through (G) (2012)). Importantly, the ADC's exhaustion policy requires inmates to "specifically name each individual" involved, and those instructions are repeated on the grievance forms themselves. *Id*. (§ IV (C)(4), (E)(2), and (N)). Finally, the ADC's exhaustion policy advises prisoners that their federal lawsuit may be dismissed if they fail to comply with those requirements. *Id.*

The parties *agree* that Plaintiff fully and properly exhausted three grievances about the alleged denial of medical care for his chest pains.  *Docs. 29 & 37.* In grievance GR-13-1864, Plaintiff specifically named Defendant Wilkerson and alleged that, on September 24, 2013, he refused to contact the medical department in response to his complaints of chest pains.  *Doc. 29, Ex. B.*  After that grievance was denied on the merits at the initial review stage, Plaintiff proceeded to fully exhaust all of the remaining stages of administrative review. Thus, Plaintiff should be allowed to proceed with his September 24, 2013 inadequate medical care claim against Defendant Wilkerson.

In grievance GR-13-1896, Plaintiff alleged that, on September 28, 2013, *medical personnel* did not respond to reports made by Defendant Wilkerson and another correctional officer that Plaintiff was experiencing chest pains *Id., Ex. D.*

Importantly, Plaintiff did *not* allege that Defendant Wilkerson did anything wrong. Consequently, ADC officials did *not* reach the merits of any claim against Defendant Wilkerson when reviewing grievance GR-13-1896. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (holding that the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits).

Similarly, in grievance GR-13-1897, Plaintiff alleged that, on September 28, 2013, Defendant Nurse Stanford denied him adequate medical care after he passed out from chest pains and hit his head. *Id., Ex. E.*  Plaintiff did *not* name Defendant Wilkerson in that grievance, and ADC officials did not reach the merits of any claim against him. Thus, neither grievance GR-13-1896 nor GR-13-1897 can support *any claims* Plaintiff may now be raising against Defendant Wilkerson in this § 1983 action.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that:

1.      Defendant Wilkerson's Motion for Partial Summary Judgment *(Doc. 29)* be GRANTED.

2.      Plaintiff be allowed to proceed with his claim that Defendant Wilkerson denied him adequate medical care on September 24, 2013, and all other claims against Defendant Wilkerson be DISMISSED, WITHOUT PREJUDICE.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 13th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE